# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF COLUMBIA

AMERICAN SECURITY COUNCIL )
FOUNDATION )
    1250 24th Street, N.W. - Suite 300, )
    Washington, D.C. 20037 )
                      )        Civil Action No. *12- 1486*
       *Plaintiff,* )
                       )
      *vs.* )
                       )
CENTER FOR SECURITY POLICY, )
INC. )
    1901 Pennsylvania Avenue, N.W. )
    Suite 201 )
    Washington , D.C . 20006 )
                       )
      And )
                       )
MR. FRANK GAFFNEY )
    1901 Pennsylvania Avenue, N.W. )
    Suite 201 )
    Washington, DC  20006 )


      *Defendants.*

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND DISTRICT OF COLUMBIA TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, AMERICAN SECURITY COUNCIL FOUNDATION, ("Plaintiff" or "ASCF"), by and through counsel, brings this action against Defendants, CENTER FOR SECURITY POLICY and its principal, Frank Gaffney ("Defendants") seeking appropriate relief under the Federal Trademark Statute and other causes of action.  In support of its claims, Plaintiff states as follows:

## PARTIES

1.      Plaintiff is a tax-exempt charitable, educational organization formed under Section 501 (c)(3) of the Internal Revenue Code with its principal place of operation at 1069 Main Street, Sebastian, Florida, 32958 and its headquarters at 1250 24th Street, N.W., Washington, D.C. 20037.  Plaintiff is a non-profit organization focused on a wide range of educational programs which address critical challenges to U.S. foreign policy, national security and the global economy.

2.      Upon information and belief, Defendant Center for Security Policy is a tax-exempt organization formed under Section 501 (c)(3) of the Internal Revenue Code with a principal place of operation at 1901 Pennsylvania Avenue, N.W. Washington, D.C., 20006.

3.      Upon information and belief, Defendant Frank Gaffney is an individual and the principal of Defendant Center of Security Policy.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Counts I and II of this Complaint pursuant to 15 U.S.C. § 1121 because this is an action arising under the Lanham Act and under 28 U.S.C. § 1338 because this is an action arising under an Act of Congress relating to trademarks; and under 28 U.S.C. § 1331 because this is an action arising under the laws of the United States.

5.      This Court has supplemental jurisdiction over Counts III and IV of this Complaint pursuant to 15 U.S.C. § 1338(b) because it is an action asserting claims of common law trademark infringement and unfair competition and joined with substantial and related claims under the trademark laws of the United States.

6.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(1) and (3) because Defendants transact business within the District of Columbia and

because Defendants have caused tortious injury in the District of Columbia by acts within the District of Columbia.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

## NATURE OF ACTION

8.      This action is for trademark infringement, unfair competition and false designation of origin arising under the Trademark Act of 1946, as amended ("The Lanham Act"), 15 U.S.C. § 1051, et seq., and for trademark infringement and unfair competition under the laws of the District of Columbia, arising from the use by the Defendants of the phrase "Peace Through Strength" in violation of Plaintiff's rights in its mark **PEACE THROUGH STRENGTH**.

## BACKGROUND

9.      ASCF was formed in 1958 and was originally known as the "Institute for American Strategy". In 2003, its name was finally changed to 'American Security Council Foundation'. For over 50 years, ASCF has focused on a wide range of educational programs which address critical challenges to U.S. foreign policy, national security and the global economy. ASCF has developed programs and strategies that were eventually adopted as the foreign policy and national security strategy of the United States. ASCF worked tirelessly to have the United States government publish an official national security strategy for the country. This was first implemented by President Reagan in 1985 and all successors have been legally required to produce similar documents.

10.      As part of its mission to protect this country and to maintain its military, economic and diplomatic strength, the ASCF adopted the trademark **PEACE THROUGH STRENGTH** and has used that mark almost since its inception. Evidences are attached hereto as Exhibit 1.

11.     The mark **PEACE THROUGH STRENGTH** has been registered at the USPTO and ASCF works zealously to protect its rights to this name.  A copy of the U.S. Trademark Registration information available through the U.S. Patent and Trademark Office website is attached hereto as Exhibit 2.

12.     The **PEACE THROUGH STRENGTH** mark is featured prominently on ASCF's official website and ASCF's promotional materials.  ASCF has always made clear that the slogan "Peace through Strength" was a proprietary designation that identifies ASCF's activities especially its educational nd fundraising services, notably by using the encircled R symbol (®) each time the mark is used. Examples are attached hereto as Exhibit 3.

13.     Because of its extensive use and advertising, ASCF has developed valuable goodwill and rights in the **PEACE THROUGH STRENGTH** mark for its educational and fundraising services.

### GENERAL ALLEGATIONS

14.     Both Plaintiff's and Defendants are providing educational and informational services in the District of Columbia as part of their mission to promote the necessity of maintaining military, economic and diplomatic strength along with addressing critical challenges to U.S. foreign policy, national security, and the global economy. For that purpose, they both count on a strong presence on the Internet to advertize on their activities to help raise funds.

15.     On information and belief, Defendants began using the mark "Peace through Strength" as early as 2010 to raise fund and call attention to Defendants' activities. Defendants have made prominent use of the **PEACE THROUGH STRENGTH** mark notably on their website, as the name of the Center for Security Policy video channel on the website YouTube.com, and through different publications. Examples are attached hereto as Exhibit 4.

16.     In a letter of May 10, 2011, the President of ASCF, Dr. Henry Fischer, wrote to the Defendants and made clear that **PEACE THROUGH STRENGTH** is a proprietary mark of ASCF. A copy of said letter is attached hereto as <u>Exhibit 5</u>.

17.     On November 8, 2011, Plaintiff sent Defendants a cease-and-desist letter in relation to the unauthorized use of the **PEACE THROUGH STRENGTH** mark. A copy of said cease-and-desist letter is attached hereto as <u>Exhibit 6</u>.

18.     Despite its efforts, however, ASCF has been unsuccessful in preventing the continued violations of its rights.

19.     Defendants' continuing infringing activity, mostly based on their online use of the **PEACE THROUGH STRENGTH** mark in different forms, demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both ASCF's contributors, readers, policy and opinion leaders and Defendants' consumers and potential consumers.

20.     Because of the likely confusion as to the source of Defendants' services by Defendants' use of the **PEACE THROUGH STRENGTH** mark, Plaintiff's goodwill in its mark has been and will be damaged.

21.     As a result of Defendants' misconduct, Plaintiff has retained the law firm of Holland & Knight LLP and is obligated to pay a reasonable fee for the firm's services.

## <u>COUNT I - FEDERAL TRADEMARK INFRINGEMENT</u>

22.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 21 as if fully set forth herein.

23.     This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 U.S.C, and more particularly, 15 U.S.C. §§1114-18, inclusive.

24.     Plaintiff owns the United States trademark registration for the mark **PEACE THROUGH STRENGTH**.

25.     Defendants' use of the **PEACE THROUGH STRENGTH** mark is without the permission or authorization of ASCF.

26.     The offering of services by Defendants under the **PEACE THROUGH STRENGTH** mark is likely to cause confusion, mistake and deception among consumers and the public generally as to the source or origin of such services, to the irreparable injury of ASCF and of the public.  Despite such a likelihood of public confusion, mistake or deception, Defendants have continued to use and are presently using the **PEACE THROUGH STRENGTH** mark and disregarding ASCF's demand that Defendants cease this activity.

27.     Upon information and belief, Defendants' continued use of the **PEACE THROUGH STRENGTH** mark will be likely to injure the activity of ASCF and will diminish the distinctive quality of ASCF's source identifying mark.

28.     Plaintiff has been damaged by Defendants' infringement of its registered mark. WHEREFORE, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## COUNT II - FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

29.     Plaintiff repeats and incorporates paragraphs 1 through 28 as if fully set forth herein.

30.     This Count arises under §43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

31.     The mark **PEACE THROUGH STRENGTH** has become uniquely associated with and identifies Plaintiff's services.

32.     By the acts complained of herein, Defendants engaged in and continue to engage in conduct that constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

33.     Defendants' unauthorized use of the phrase "Peace through Strength" constitutes false designation of origin, and false or misleading descriptions or misrepresentations of fact were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' with Plaintiff, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendants by ASCF.  Defendants' acts tend to represent falsely that Defendants' services are legitimately connected with Plaintiff or emanates from or is authorized, sponsored, or approved by Plaintiff, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     Defendants' infringing conduct has caused irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

35.     Plaintiff has suffered damages as a result of Defendants' violation of 15 U.S.C. § 1125(a). WHEREFORE, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## COUNT III - DISTRICT OF COLUMBIA TRADEMARK INFRINGEMENT

36.     ASCF repeats and incorporates by reference the allegations in Paragraphs 1 through 35 as if fully set forth herein.

37.     Defendants' use of **PEACE THROUGH STRENGTH** mark without the permission or authorization of ASCF is likely to cause confusion, mistake and deception among consumers and the public generally.  Despite such a likelihood of public confusion, mistake or deception, Defendants have continued to use and are presently using the **PEACE THROUGH STRENGTH** mark and disregarding ASCF's demand that Defendants cease this activity.

38.     Upon information and belief, Defendants' continued use of the **PEACE THROUGH STRENGTH** mark will be likely to injure the activity and reputation of ASCF, will diminish the distinctive quality of ASCF's source identifying mark and cause irreparable injury of ASCF's trade and goodwill and to the injury of the public.

39.     Defendants' wrongful acts constitute common law trademark infringement in the District of Columbia.

40.     The aforesaid acts of Defendants are greatly and irreparably damaging to ASCF and will continue to be greatly and irreparably damaging to ASCF unless enjoined by this Court, and ASCF is without an adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## COUNT IV - DISTRICT OF COLUMBIA UNFAIR COMPETITION

41.     ASCF repeats and incorporates by reference the allegations in Paragraphs 1 through 40 as if fully set forth herein.

42.     As described more fully herein, Defendants' wrongful acts constitute common law unfair competition in that said acts:

(a)     enable and will continue to enable Defendants to obtain the benefit of and trade on Plaintiff's goodwill;

(b)     damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over Defendant's operation; and

(c)     cause, have caused and are likely to continue to cause confusion, mistake, or deception in the mind of the public.

43.     The aforesaid acts of Defendants are greatly and irreparably damaging to ASCF and will continue to be greatly and irreparably damaging to ASCF unless enjoined by this Court, and ASCF is without an adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## RELIEF REQUESTED AS TO ALL COUNTS

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

i.  That Defendants and any related organizations, companies, including parents, officers, directors, agents, owners, employees, representatives and attorneys and all others acting under, or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from:

   a.  Using the mark and source identifying **PEACE THROUGH STRENGTH** or any imitation thereof upon or in connection with Defendant's services;

   b.  Using misleading advertising that suggest endorsement by Plaintiff of Defendant's services when no such endorsement exists; and

   c.  Unfairly competing with ASCF in any manner whatsoever.

ii.  For an Order holding that Defendants' activities complained constitute Federal and Common Law Trademark Infringement and Federal Unfair Competition and Common Law Unfair Competition.

iii.  For an Order directing Defendants to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction, a report, in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and any further orders of this Court.

iv.  That Defendants and its related organizations, companies, including parents, agents, employees, representatives, and all others acting under its direction or control or in concert with them, or any of them, be ordered to remove any reference to the **PEACE THROUGH STRENGTH** mark online and to deliver up for destruction all advertising materials, promotional materials, flyers, signs, and any and all other materials which bear **PEACE THROUGH STRENGTH** mark.

v.      Pursuant to 15 U.S.C. § 1117 and the common law, Plaintiff be awarded its attorneys' fees and

costs.

vi.     For such other and further relief as the Court may deem proper.


**AMERICAN SECURITY COUNCIL FOUNDATION**

_____

**HOLLAND & KNIGHT LLP**

Respectfully submitted,

_____
Thomas W. Brooke (D.C. Bar No. 430636)
800 17th Street, NW
Suite 1100
Telephone:  (202) 663-7271
Facsimile:  (202) 955-5564
E-mail:  thomas.brooke@hklaw.com


#11481143_v1

10